IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEREMIAH MAGERS and
ANDREA J. MAGERS,

       Plaintiffs,

v.                            Civil Action No. 5:12CV49
                                        (STAMP)

CHESAPEAKE APPALACHIA, L.L.C.
CNX GAS COMPANY, L.L.C. and
COLUMBIA GAS TRANSMISSION, L.L.C.,

       Defendants.


**MEMORANDUM OPINION AND ORDER**
**CONFIRMING PRONOUNCED ORDER**
**DENYING DEFENDANT COLUMBIA GAS TRANSMISSION, L.L.C.'S**
**MOTION TO DISMISS BUT**
**GRANTING ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**

I.  Procedural History

The plaintiffs, husband and wife owners of 3.585 acres of real property located in Liberty District, Marshall County, filed this civil action in the Circuit Court of Marshall County, West Virginia.  The plaintiffs sought compensatory and punitive damages from the defendant Chesapeake Appalachia, L.L.C. ("Chesapeake"), as a result of alleged property damage in the form of contaminated well water resulting from Marcellus Shale gas drilling activity occurring on property adjacent to the plaintiffs' property.  Chesapeake removed this case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1331.

The plaintiffs then sought, and were granted, leave to amend their complaint to add defendants Columbia Gas Transmission, L.L.C. ("Columbia") and CNX Gas Company, L.L.C. ("CNX") as additional

defendants to the claims brought against Chesapeake. The plaintiffs' amended complaint alleges that all three of these defendants are engaged in gas-related activities on property adjacent to the plaintiffs' property and that this activity is the cause of the alleged contamination of their well water. Columbia filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). The plaintiffs responded, and Columbia filed a reply.

On February 19, 2013, at a status conference requested and attended by counsel for all parties, this Court orally indicated that Columbia's motion to dismiss would be denied and that its motion for a more definite statement would be granted. Also at that status and scheduling conference, this Court directed the plaintiffs to file a more definite statement, an order with which the plaintiffs have subsequently timely complied. This memorandum opinion and order is in confirmation of the pronounced order made at that status and scheduling conference.

## II.   Facts

In their amended complaint, the plaintiffs assert that they are the owners of 3.585 acres of ground situated in Liberty District, Marshall County, West Virginia ("the property"). The property, they state, has an address of Route 1, Box 188, Cameron, Marshall County, West Virginia. The plaintiffs also claim that they rely upon well water from a water well drilled near their home

on the property as their sole water source for their home. According to the amended complaint, defendant Chesapeake drilled Marcellus Shale gas wells on land adjacent to their property, defendant CNX drilled shallow gas wells on land adjacent to their property, and defendant Columbia operates a gas storage field on land adjacent to the plaintiffs' property.

The plaintiffs allege that, following the commencement of the defendants' operations on the adjacent property, they began to notice gas emanating from their water well and from a nearby creek, and that their water well is now contaminated with methane gas. This contamination has required that the plaintiffs purchase and haul water to supply their water needs.  The amended complaint claims that the contamination of their water well is "a direct and proximate result of the Defendants' operations" and that "the Defendants have failed to provide the Plaintiffs an alternate water supply or compensate them for the contamination of their water well and their costs in purchasing water," as the plaintiffs claim is required by West Virginia statute.

### III.   Applicable Law

#### A.   Motion to dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true.  Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'"  Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief."  Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

B.   Motion for a more definite statement

Rule 12(e) of the Federal Rules of Civil Procedure, a motion for a more definite statement, also must be filed before the defendant files a responsive pleading.  Through such a motion, a party may request that the Court direct the plaintiff to re-file his complaint, more clearly pleading and defining his claims.

Pursuant to Federal Rule of Civil Procedure 12(e), such a motion should only be granted when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion has a higher standard than that of a Rule 12(b)(6) motion in that a pleading which satisfies the liberal pleading standards above described may be nonetheless appropriately challenged as overly vague with a Rule 12(e) motion. <u>See</u> 5B Wright & Miller <u>Federal Practice and Procedure</u> § 1356. However, the standard set forth by the wording of Rule 12(e) was not intended to require the plaintiff to state with any high level of specificity the facts upon which his claims rely. <u>Hodgson v. Virginia Baptist Hosp.</u>, 482 F.2d 821, 823 (4th Cir. 1973). In fact, the drafters of the rules only intended to ensure that sufficient facts would be pled which allowed the defendant to reasonably form a response. <u>Id.</u> Thus, the rules specifically restrict the motion for a more definite statement to pleadings which are so highly vague and ambiguous that the opposing party simply cannot be expected to form a meaningful response.

IV.   <u>Discussion</u>

A.   <u>Motion to dismiss</u>

The plaintiffs' amended complaint contains two "counts." Count I sets forth all of the background information about the parties to the case, as well as the factual background and factual allegations against the defendants, as set forth above. It also alleges that the actions by the defendants violated a duty owed to the plaintiffs pursuant to the permits issued to them under

5

§ 22-6-30 and § 22-7-3 of the West Virginia Code, which require that the defendants compensate the plaintiffs for the damages resulting from their drilling activities, and that the defendants' failure to so compensate the plaintiffs constitutes a violation of those West Virginia Code sections. Count II alleges that the defendants' actions amount to "willful, wanton, intentional, reckless, and malicious demonstrating criminal indifference to the obligations [the defendants] owed to the Plaintiffs, entitling Plaintiffs to punitive damages."

    1.  <u>Count I</u>

In support of their motion to dismiss Count I, defendant Columbia argues that the only factual allegation against it is that it operates a gas storage unit on an adjacent tract of land, and that any further allegations against Columbia are conclusory in nature and lack factual support. Columbia asserts that the plaintiffs' allegations against three independent companies conducting three independent operations which simply conclusively allege that the defendants' operations generally caused contamination of their well water are not facially plausible. Columbia further maintains that no factually supported allegation of wrongdoing has been made against it, and that, as a result, the amended complaint does not allow this Court to conclude that the plaintiffs' allegations are probable, rather than merely possible. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Finally, Columbia asserts that the legal theory upon which the plaintiffs base their claim in Count I "is either murky or inapplicable" to Columbia,

6

because the West Virginia Code sections cited do not apply to gas storage operations, and because no common law strict liability cause of action exists in West Virginia for the effect of surface real estate from oil and gas operations.

In response, the plaintiffs argue that Count I makes sufficient factual allegations against Columbia to allow it to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The plaintiffs assert that their amended complaint factually alleges that each of the defendants are conducting operations related to Marcellus Shale gas drilling on a property adjacent to the plaintiffs' property, and that the plaintiffs have suffered damages in the form of a water well which has been contaminated by methane gas and is no longer useable as a water source for the plaintiffs' home.  They claim that it is not a leap in logic to infer than, that the defendants' gas-related operations were the actual and proximate cause of the contamination of the well.  Any further information as to the exact cause of the contamination and/or the defendants' exact operations which caused the contamination will require discovery and is beyond the pleading requirements contained in Rule 8.

Further, the plaintiffs assert that § 22-7-1 applies more broadly than Columbia asserts in its motion, in that it provides requirements relating to all operations connected to the "[e]xploration for an development of oil and gas reserves in" West Virginia.  The plaintiffs argue that to assert that gas storage wells do not qualify as "exploration for and development of oil and

gas reserves" is unreasonable.  They also claim that Columbia's assessment of § 22-6-30 is likewise unreasonable because that section applies to "any shaft or hole sunk, drilled, bored, or dug in to the earth of underground strata for the extraction of injection or placement of any liquid or gas, or any shaft or hole sunk or used in conjunction with such extraction or injections of placement."  The plaintiffs assert that a storage well is a hole in which gas is injected or placed.  As such, the plaintiffs argue that both statutory sections cited in their amended complaint apply to Columbia's storage operations.  The plaintiffs further argue that they rely upon negligence and statutory violations in their amended complaint, and do not assert a claim for strict liability.

After review of the parties' arguments, as well as the allegations raised against Columbia in the plaintiffs' amended complaint, this Court finds that Columbia's motion to dismiss must be denied.  The plaintiffs have provided facts which allege what they believe to be Columbia's connection to the alleged contamination of their water well with methane gas.  Further, they have alleged what they believe to be statutes which create a duty owed by Columbia to the plaintiffs which has been breached by the contamination of the well water.  They have also alleged that the gas storage operations of Columbia have caused the alleged contamination of their well water.  This is sufficient to support their claimed negligence action at the stage of pleading.  Further, this Court finds that, at the stage of pleading, the plaintiffs' factual allegations as to Columbia's gas-related activities on the

8

property adjoining the plaintiffs' property sufficiently link Columbia to the alleged contamination of the plaintiffs' well water to raise the probability of liability above the speculative level. Id.

With regard to the duty element of the plaintiffs' claim, Columbia and the plaintiffs engage in a statutory construction argument as to the application of the cited West Virginia Code sections which allegedly create a duty owed by Columbia to the plaintiffs, but neither offers definitive case law which specifically finds that these sections do or do not apply to gas storage wells. Accordingly, these arguments are an inappropriate basis for dismissal through a Federal Rule of Civil Procedure 12(b)(6) motion, the defeat of which requires only a "plausibility" of liability. Twombly, 550 U.S. at 555.

2.    Count II

So too does this Court find that Columbia's motion to dismiss Count II, which requests punitive damages based upon the factual allegations raised in Count I, must be denied. Columbia argues that the plaintiffs' factual allegations are insufficient to allow their claim for punitive damages to proceed because the plaintiffs make no allegations of the type of serious, intentional conduct required to support a claim for punitive damages. The plaintiffs maintain in response that punitive damages are available in tort in West Virginia upon a showing of intentional wrongful action on the part of the defendant, or of "malice, willfulness, or wanton disregard of the rights of others." Goodwin v. Thomas, 184 W. Va.

9

611, 614 (W. Va. 1991).   The plaintiffs claim that their factual allegations of tortious wrongdoing coupled with their allegations of the defendants' malice and intent are sufficient under Rule 8. This Court agrees.

Columbia maintains that the plaintiffs' allegations in Count II that the defendants acted with malice and willful disregard to the plaintiffs' rights, amount to nothing more than legal conclusions, and that the allegations in Count I do not factually allege such willful behavior.   This argument misinterprets the requirements of Federal Rule of Civil Procedure 8, as interpreted by the United States Supreme Court in <u>Twombly</u> and in <u>Iqbal</u>.   The plaintiffs are not required to allege behavior which could, from the face of the complaint, be objectively determined to be "willful" or "wanton."   Rather, they simply must plead facts which could "plausibly" be found, following discovery and further development of the allegations, to qualify as such.

The plaintiffs pled in Count II the legal definition of the conduct required to warrant punitive damages, and incorporated by reference the factual allegations of wrongful conduct contained in Count I.   Count I alleges that the defendants have refused to provide the plaintiffs with water or compensate them for the contamination of their well water, which contamination the plaintiffs allege occurred as a result of the defendants' drilling-related activities on adjoining property.   These factual allegations coupled with the allegations that the refusal to compensate the plaintiffs or replace their water supply is a

violation of West Virginia law, and that this violation was committed with the necessary malice, sufficiently raise the probability of the applicability of punitive damages in this case above that of speculation, and thus satisfy the requirements of Rule 8.

B.    Alternative motion for a more definite statement

As articulated at the status and scheduling conference in this case, wherein this Court granted Columbia's alternative motion for a more definite statement, this Court indicated its belief that, while the plaintiffs' amended complaint does not warrant dismissal under Federal Rule of Civil Procedure 12(b)(6), it does want for clarity both in its organization and in its allegations. Accordingly, this Court granted Columbia's alternative motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  Also as noted at the conference, the plaintiffs' more definite statement should include more succinct allegations against each of the defendants individually based upon their individual alleged contribution to the plaintiffs' claimed injury.[1]

V.   Conclusion

For the reasons stated above, defendant Columbia's motion to dismiss is DENIED.   However, defendant Columbia's alternative motion for a more definite statement is GRANTED.

---

[1]This Court notes that, at the time of this memorandum opinion and order, the plaintiffs have already submitted their more definite statement according to the deadline by which to do so set forth at the relevant status and scheduling conference.  This Court makes no finding herein regarding the sufficiency of that more definite statement.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:     April 10, 2013


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE