IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEREMIAH N. MAGERS and
ANDREA J. MAGERS,

      Plaintiffs,

v.                                                Civil Action No. 5:12CV49
                                                                       (STAMP)

CHESAPEAKE APPALACHIA, L.L.C.,
CNX GAS COMPANY, L.L.C. and
COLUMBIA GAS TRANSMISSION, L.L.C.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**
**AND GRANTING IN PART AND DENYING IN PART AS MOOT**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

I. Procedural History

     The plaintiffs, Jeremiah N. Magers and Andrea J. Magers, filed a complaint against defendant Chesapeake Appalachia, L.L.C. ("Chesapeake") in the Circuit Court of Marshall County, West Virginia. The case was then removed to this Court by Chesapeake pursuant to diversity jurisdiction. During discovery, the plaintiffs discovered evidence that led them to file a motion to amend the complaint in order to join CNX Gas Company, L.L.C. ("CNX") and Columbia Gas Transmission, L.L.C. ("Columbia"). The motion to amend was granted by this Court. In their amended complaint, the plaintiffs claim that the defendants' drilling related activities on a tract of property adjacent to their own resulted in the contamination of their drinking well water.

Thereafter, Columbia filed a motion to dismiss or in the alternative, a motion for a more definite statement. This Court denied Columbia's motion to dismiss but granted its motion for a more definite statement. The plaintiffs filed a more definite statement in accordance with that order. In response, CNX filed a motion to dismiss arguing that the plaintiffs could not assert a claim against it under West Virginia Code § 22-7-1 <u>et seq.</u> This Court granted CNX's motion to dismiss and CNX was terminated as a party to this action.

Ten days after that judgment, the plaintiffs filed a motion for reconsideration of the judgment dismissing CNX as a party defendant. The plaintiffs later filed a motion to amend their complaint. These motions are now fully briefed and ripe for review. For the reasons set forth below, the plaintiffs' motion to alter or amend the judgment is denied and the plaintiffs' motion for leave to file an amended complaint is granted in part and denied in part as moot.

## II.  <u>Facts</u>

In granting the motion to dismiss filed by CNX, this Court found that (1) the plaintiffs did not have standing under West Virginia Code §§ 22-6B-2(7) and 22-7-2(6) because the drilling did not actually occur on the plaintiffs' property but on property adjacent to their property; (2) there was no implied private cause of action under any of the statutes the plaintiffs claimed CNX had

violated; and (3) the plaintiffs had failed to make a claim for negligence by failing to clearly state the duty owed to them by CNX.

On August 23, 2013, the plaintiffs timely filed the motion to reconsider and alter or amend judgment. Then on September 5, 2013, the plaintiffs timely filed the motion to amend their complaint. Both CNX and Columbia filed responses to those motions; Chesapeake has not responded to either motion. No reply has been filed by the plaintiffs to responses of CNX and Columbia.

A.  Plaintiffs' Motion to Alter or Amend Judgment

In the plaintiffs' motion to alter or amend judgment, the plaintiffs make two arguments. First, the plaintiffs contend that based on the direction given by this Court in its order directing the plaintiffs to file a more definite statement, they did not further address their common law negligence claims against the defendants in their more definite statement because this Court had noted that what they had already alleged through the statutes had created a duty sufficient to maintain those claims. Additionally, they are not able to address issues against CNX in more depth because discovery has not been completed. Second, the plaintiffs claim they are not attempting to raise new arguments that could have previously been raised, in contrast they have maintained that their claims were based on statute and negligence as early as their memorandum in opposition to Columbia's motion to dismiss. Further,

they argue that reinstating their claims will not prejudice CNX or the other defendants because they only need to amend their complaint and the parties are already aware of the claims. The plaintiffs claim that because of these assertions they would face manifest injustice if their motion is not granted.

In CNX's opposition brief, it first discusses the plaintiffs' motion to alter or amend judgment. CNX contends that because the plaintiffs have not disclosed an alleged error by this Court sought to be corrected, let alone a "direct, obvious and observable" one, its motion should be denied. Thus, CNX asserts, the plaintiffs have not shown that they would face manifest injustice. Further, CNX asserts that the order granting Columbia's motion for a more definite statement did not discuss the sufficiency of the plaintiffs' claims against CNX and thus, the plaintiffs could not rely on it in determining the sufficiency of their claims against CNX. Additionally, CNX argues that the plaintiffs have failed to show that their pleadings even now state a claim upon which relief could be granted and that they have not shown that there was any discernible error by this Court.

B.  Plaintiffs' Motion to Amend Complaint

In the plaintiffs' motion to amend the complaint, they argue that they should be allowed to amend their complaint in order to clarify their claim of negligence against the defendants. Further, they state that it is within the deadline provided by the amended

scheduling order and that the amended complaint will not cause any undue delay or any undue prejudice to the defendants because they already have notice of the negligence claims. The plaintiffs have attached two versions of their amended complaint – one for if their motion to reconsider or alter judgment is granted (ECF No. 62 Ex. A) and one for if that motion is not granted (ECF No. 62 Ex. B).

In its opposition to plaintiffs' motion to amend the complaint, Columbia contends that the plaintiffs should not be allowed to amend their complaint because the assertions they are attempting to make against Columbia have already been dismissed against CNX. Columbia asserts that this Court should uphold its order dismissing CNX and that the same principles should be applied to it as its gas wells are also adjacent to the plaintiffs' property. Finally, Columbia claims that its assertions are not the same as those it made in its motion to dismiss because it did not make the "near or adjacent" argument in its motion to dismiss as CNX did.

As for the plaintiffs' motion to amend, CNX claims that if this Court does not grant the plaintiffs' motion to alter or amend, the plaintiffs' motion to amend its complaint would be futile. Secondly, if this Court does grant the motion to alter or amend judgment, CNX argues that the plaintiffs still fail to meet the requirements of Rule 15 and 12(b)(6) because the plaintiffs still attempt in their amended complaint to bring the statutory claims

5

that this Court had granted the motion to dismiss on. Finally, CNX asserts that it will be prejudiced if the plaintiffs are continually granted the opportunity to amend their complaint because they will continue to have to pay attorneys' fees and costs because of the plaintiffs' motions and other pleadings.

### III. Applicable Law

#### A. Motion to Alter or Amend Judgment

The plaintiffs request that this Court alter or amend its judgment dismissing CNX as a defendant based upon the merits of that judgment, pursuant to Federal Rule of Civil Procedure 59(e). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to re-litigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already

thought through-rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

B.   Motion for Leave to Amend Complaint

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, after a defendant files a responsive pleading, and either leave of court or permission of the opposing party is necessary to amend a complaint, requests for such leave should nonetheless be granted "freely . . . when justice so requires." The Supreme Court has held that, "in the absence of any apparent or declared reason –such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

This is true even when leave to amend is requested after the district court has entered judgment in a case. See Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006) (holding that the standard for granting a post-judgment leave to amend is the same as it is for granting a pre-judgment motion for the same). This is because, in the Fourth Circuit, "delay alone" is not sufficient reason to deny a motion for leave to amend. Therefore, the simple fact that judgment has been entered is not grounds, without more, for denying leave to amend. Id. at 427. However, the post-judgment climate is a major factor in the consideration of the other factors relevant

7

to the inquiry, most especially those of bad faith and prejudice to the opposing party.  See id. and Adams v. Gould, 739 F.2d 858, 864 (both remarking that the analysis of the factors will be influenced by the fact that judgment has been entered before leave to amend was sought).

The most significant difference between pre-judgment motions to amend and post-judgment requests is that, when judgment has been entered, it must be vacated pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) before leave to amend may be granted.  See Laber, 438 F.3d at 427.  However, the inquiry regarding whether or not to vacate the judgment in order to allow a post-judgment motion for leave to amend is not that of either Rule 59(e) or 60.  Rather, the standard to be employed is simply that of Rule 15.  The Court must simply decide whether to grant leave to amend and if leave is appropriate, the original judgment should be vacated.  Katyle v. Penn National Gaming, Inc., 637 F.3d 462, 470-71 (4th Cir. 2011).

IV.  Discussion

A.  Motion to Alter or Amend Judgement

The plaintiffs argue that because of this Court's order dismissing CNX, they did not further address their common law negligence claims because this Court stated that they had already alleged those claims through the statutes they cited as creating a duty.  Further, they claim that they have not completed discovery with CNX and thus are not able to fully address those issues.

8

Finally, the plaintiffs claim that they are not trying to make new arguments but have maintained these claims throughout litigation since Columbia's motion to dismiss was filed and thus, CNX would not be prejudiced by being reinstated as a defendant. Because of these arguments, the plaintiffs state that they would face manifest injustice.

First, this Court will not consider the plaintiffs' argument as to not having enough discovery to address issues against CNX because this argument was not raised in their opposition brief to CNX's motion to dismiss. See ECF No. 48. Again, Rule 59(e) motions cannot be used to make arguments that could have been made before the judgment was entered by this Court. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Thus, because this argument was not made before this Court entered judgment dismissing CNX, the plaintiffs cannot raise it here.

Second, this Court agrees with CNX that the plaintiffs have not made a claim that would require this Court to reconsider its order dismissing CNX as a defendant. To reiterate, a motion to amend or alter judgment may be granted (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Id. Based on the plaintiffs' supporting brief, this Court finds that the plaintiffs are couching their motion to alter or amend on the third prong listed above.

9

However, the plaintiffs have not shown that this Court was in clear error of the law or that manifest injustice will be prevented by a reconsideration of the dismissal of CNX.

In considering CNX's motion to dismiss, this Court considered the plaintiffs' negligence claims, both statutory and common law, made in their amended complaint and in their more definite statement. The plaintiffs claim that they relied on this Court's statements in the conference discussing Columbia's motion to dismiss and in the order denying Columbia's motion to dismiss and granting Columbia's motion for a more definite statement in the alternative, and that those statements led them to not further address their common law negligence claims. This Court stated at the conference and in its order granting the motion for a more definite statement that "the plaintiffs' more definite statement should include more succinct allegations against each of the defendants individually based upon their individual alleged contribution to the plaintiffs' claimed injuries." ECF No. 45 *11. This directive clearly states that the plaintiffs should have addressed all claims more succinctly against each defendant and made it more clear to the Court what each defendant did in relation to the plaintiffs' claimed injuries–which includes the allegation that a defendant owes a duty to the plaintiffs. Accordingly, this argument fails and does not show that the Court was in clear error

or that the plaintiffs will face manifest injustice if CNX is dismissed as a defendant.

Further, the plaintiffs cannot make a valid argument as to the Court's dismissal of their statutory negligence claims against CNX. As a matter of fact, the Court notes that the plaintiffs have conceded in their motion to alter or amend judgment that this Court's dismissal of the statutory negligence claims was correct. Consequently, the plaintiffs' motion to alter or amend judgment is denied.

B.   Motion for Leave to Amend Complaint

Before addressing the motion, this Court finds that the motion for leave to amend the complaint is denied as moot as to CNX based on the findings above. Thus, the Court will not address CNX's opposing arguments to the motion. Further, following the same reasoning, the Court will not consider Exhibit A to the motion to amend.

The plaintiffs filed a motion to amend within the deadline provided by the amended scheduling order. In their motion to amend, the plaintiffs claim that they should be allowed to clarify their negligence claim against all defendants and that such an amendment will not cause undue delay or any undue prejudice to the defendants because they already have notice of the negligence claims. The plaintiffs have attached two versions of an amended

11

complaint.  As stated previously, this Court is only considering the exhibit which does not include CNX, Exhibit B.  See ECF No. 62.

Columbia contends that the plaintiffs should not be allowed to amend their complaint because those claims they wish to clarify have already been dismissed against CNX.  Thus, Columbia asserts that the same principles applied in dismissing CNX should be applied to this motion and therefore any clarification made by the plaintiffs would be futile.

Although futility of the amendment is a valid reason to deny a motion to amend, this Court must also consider the fact that requests for such leave should be granted "freely . . . when justice so requires" if futility is not apparent.  Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2).  This Court has compared the original complaint with Exhibit B and finds that there are differences in the plaintiffs' claims for negligence in those two documents.  Further, the amended complaint, although not very clear, provides for a duty that is owed by Columbia that could possibly be couched in a common law duty rather than a statutory duty.

Additionally, although Columbia makes an argument that this Court should deny the motion to amend because of its order dismissing CNX on similar claims made by the plaintiffs, the Court notes that the standard used for a motion to dismiss is different from that applied to a Rule 15 motion.  Although a motion to

dismiss should be granted sparingly and thus is similar to the standard for denying a Rule 15 motion, Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 918 (4th Cir. 1999), Rule 15 provides that permission to amend should be given freely and only denied in rare circumstances. The differences in the two thus account for the decision that this Court must make in granting the plaintiffs' motion to amend and the decision this Court made in granting CNX's motion to dismiss.

Consequently, because Rule 15 counsels against denying a motion to amend, and there is no apparent futility with the plaintiffs' negligence claims against Columbia, this Court must grant the plaintiffs' motion to amend their complaint.[1]

## V.  Conclusion

For the reasons stated above, the plaintiffs' motion for leave to amend is hereby DENIED. Further, the plaintiffs' motion to alter or amend judgment is DENIED IN PART AS MOOT as it pertains to CNX and GRANTED IN PART. Accordingly, the Clerk of Court is DIRECTED to file Exhibit B to the plaintiffs' motion to amend (ECF No. 62) as plaintiffs' second amended complaint.

---

[1] The Court notes that the parties filed a stipulation of discontinuance of plaintiffs' Count II against Columbia on December 2, 2013. ECF No. 91. Because the plaintiffs' amended complaint will displace the complaint that the stipulation applied to, the parties are hereby noticed that in order to discontinue Count II, they would need to take further action.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: December 6, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
